UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE RAE ARGUE,

      Plaintiff,

v.

                                          Case No. 1:18-CV-243
                                          Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of December 1, 2012. PageID.37.[1] Plaintiff identified her disabling conditions as follows: anxiety; depression; agoraphobia; obsessive compulsive disorder (OCD); blepharitis; tendonitis in right wrist; carpal tunnel; chronic back pain; chronic neck pain; plantar fasciitis; obesity; fibromyalgia; RLS [restless leg syndrome]; hepatic steatosis; hyperlidemia; achilles bursitis; neck sprain; lumbar sprain; torticollis; and, lumbosacral spondylosis. PageID.265. Prior to applying for DIB, plaintiff completed the 12th grade and had past employment as the owner/operator of a retail establishment. PageID.267. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits

---

[1] The Court notes that plaintiff stopped working on December 31, 2010. PageID.266.

on June 14, 2017. PageID.34-47. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

2

of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of

December 1, 2012, and met the insured status requirements of the Social Security Act through

December 31, 2015.  PageID.37.

At the second step, the ALJ found that through the date last insured, plaintiff had

the following severe impairments: degenerative disc disease of the thoracic spine, cervical spine,

and lumbar spine; carpal tunnel syndrome De Quervain's tenosynovitis; Haglund deformity with

associated Achilles tendinitis; gastroscoleus equinus; migraine; allergic rhinitis; asthma,

fibromyalgia; cataracts; obesity; depression; generalized anxiety disorder; and social phobia.

PageID.37.  At the third step, the ALJ found that through the date last insured, plaintiff did not

have an impairment or combination of impairments that met or equaled the requirements of the

Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.37.

The ALJ decided at the fourth step:

> After careful consideration of the entire record, I find that, through the date
> last insured, the claimant had the residual functional capacity to perform light work
> as defined in 20 CFR 404.1567(b) except she can occasionally lift or carry 20
> pounds and frequently lift or carry 10 pounds. She can stand or walk for six hours.
> She can sit for six hours. She can never climb ladders, ropes, or scaffolds. She can
> never kneel or crawl. She can occasionally climb stairs and ramps. She can
> occasionally balance, stoop, and crouch. She can frequently reach, handle, and
> finger. She can never tolerate exposure to extreme cold or vibrations. She can
> tolerate occasional exposure to environmental pollutants such as dust, fumes, and
> smoke. She can never work around hazards such as unprotected heights or
> unguarded uncovered moving machinery. She can never perform commercial
> driving. She can understand, remember, and carryout simple instructions. She can
> tolerate occasional changes in the routine work setting. She cannot perform work
> at a production rate pace such as assembly line work. She cannot interact with the
> public. She can occasionally interact with supervisors and coworkers.

PageID.40.  The ALJ also found that through the date last insured, plaintiff was unable to perform

any past relevant work.  PageID.45.

At the fifth step, the ALJ found that plaintiff could perform a significant number of

unskilled jobs at the light exertional level in the national economy.  PageID.45-46.  Specifically,

the ALJ found that plaintiff could perform unskilled, light work in the national economy such as collator operator (137,000 jobs) and packer (250,000 jobs). PageID.45-46. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from December 1, 2012 (the alleged onset date) through December 31, 2015 (the date last insured). PageID.46-47.

### III. DISCUSSION

Plaintiff's brief raised three issues on appeal.

### A. The ALJ committed reversible error by not following the treating physician rule.

Plaintiff contends that the ALJ failed to properly evaluate the opinions of three treating physicians: a therapist, Ms. Cain; a psychiatrist, Dr. Huffstutter; and a primary care physician, Dr. O'Callahan. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the

objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §404,1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

### 1. Ms. Cain

As a treating therapist, Ms. Cain is not an acceptable medical source whose opinions are given deference under the treating physician rule. *See Perschka v. Commissioner of Social Security*, 411 Fed. Appx. 781, 787 (6th Cir. 2010). Accordingly, this claim will be denied.

### 2. Dr. Huffstutter and Dr. O'Callahan

The ALJ addressed the opinions of these two doctors as follows:

> Timothy O'Callaghan, D.O., and Sue Huffstutter, M.D., provided the claimant with medical care. Dr. O'Callaghan opined that the claimant could rarely lift less than 10 pounds, never climb ladders and stairs, crouch, or squat. Dr. Ocallaghan [sic] opined that the claimant had significant manipulative limitations, was incapable of low stress work, and would be off task 25% or more of the workday (B6F). Dr. Huffstutter opined that the claimant would miss more than four days per month because of her impairments. She further opined that the claimant could not use public transportation, travel in unfamiliar places, set realistic goals, work in coordination with others, make simple work related decisions, deal with normal work stress, or respond appropriately to changes in a routine work setting. She further opined that the claimant could not get along with coworkers, ask simple questions, request assistance, maintain regular attendance, or complete a normal

workday (B4F). The level of the claimant's functioning described is not supported by the weight of credible medical evidence of record and her previously discussed activities of daily living (B5E; B2F; B14F; B16F; B22F; B25F; B27F; B35F; Testimony). Therefore, I accord these opinions little weight.

PageID.44.

The ALJ failed to give good reasons for rejecting the opinions of Dr. O'Callahan and Dr. Huffstutter. The ALJ's brief evaluation does not address the substance of over 300 pages of cited medical records and testimony which purportedly conflict with the doctors' opinions: B2F (PageID.370-396); B14F (PageID.593-682, 684-778, 780-805); B16F (PageID.823-855); B22F (PageID.990-994); B25F (PageID.1027-1045); B27F (PageID.1078-1094); B35F (PageID.1312-1332); and, hearing transcript (PageID.57-88). The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985).

Here, the Court cannot trace the ALJ's reasoning as to why the doctors' opinions were entitled to little weight. The ALJ's cursory evaluation of the doctors' opinions did not set forth "good reasons" for not crediting those opinions. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate the opinions of Drs. O'Callahan and Huffstutter.

**B.     The ALJ committed reversible error by improperly relying upon the opinions of non-examining physicians.**

Plaintiff contends that the ALJ erred by crediting the opinions of a state agency physician "who had not reviewed numerous pages of medical records that later became part of the record." Plaintiff's Brief (ECF No. 13, PageID.1407). Plaintiff's contention is without merit. First, plaintiff does not name the agency psychologist. Plaintiff cites PageID.124 (Plaintiff's Brief at PageID.1405), which is part of the March 25, 2015 opinion prepared by Mark Garner, Ph.D. Second, the ALJ did not commit error. "There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v. Commissioner of Social Security Admininstration*, 405 Fed. Appx. 997, 1002 (6th Cir. 2011). Accordingly, this claim of error will be denied.

**C.     The ALJ committed reversible error by finding that plaintiff could not perform light exertional work.**

Plaintiff contends that the ALJ erred by finding that plaintiff could perform work at the light exertional level, suggesting that if plaintiff was limited to sedentary work (as indicated by Dr. O'Callahan), she would have been found disabled under medical vocational guideline rule 201.04 (20 C.F.R., Part 404, Subpt. P, App. 2). Plaintiff's Brief at PageID.1408. It is unncessary for the Court to address this issue because the case is being remanded for a re-evaluation of two medical opinions which, if adopted, would result in a new residual functional capacity determination. Accordingly, this claim of error will be denied.

**IV.     CONCLUSION**

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner

is directed to re-evaluate the opinions of Dr. O'Callahan and Dr. Huffstutter.  A judgment

consistent with this opinion will be issued forthwith.


Dated:  March 25, 2019                            /s/ Ray Kent
                                                  United States Magistrate Judge